UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM B. JENKINS, | ) | CASE NO. 5:07 CV 3398 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| J. WILSON, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On November 1, 2007, petitioner pro se William B. Jenkins filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. Jenkins is incarcerated in an Ohio penal institution, having been convicted, pursuant to a guilty plea, of endangering children (2 counts), obstructing official business, attempted tampering with evidence, and falsification. For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state court remedies. 28 U.S.C. § 2254(b); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). The Court of Appeals for the Sixth Circuit has determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

1

Jenkins raises two grounds in support of the petition. The petition reflects that these grounds were apparently sought to be raised in a motion for delayed appeal to the Ohio Supreme Court, but that a delayed appeal was denied.

Although the petition is silent concerning the reason petitioner's motion for delayed appeal was denied by the Ohio Supreme Court, this court must assume the motion was denied because he failed to make the requisite showing of adequate reasons for the delay or otherwise failed to comply with Ohio Sup.Ct. R. II(2)(A)(4)(a). See, Simpson v. Sparkman, 94 F.3d 199, 203 (6th Cir. 1996). Thus, Jenkins was procedurally barred from raising the grounds sought to be raised herein in the state court.

If a procedural bar in the state court exists, this court will not consider the claims unless petitioner establishes adequate cause to excuse his failure to raise the claims and actual prejudice to him. Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir. 1991)(citing Murray v Carrier, 477 U.S. 478, 488 (1986)); see also, Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1990). No such showing is suggested by the petition.

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

December 17, 2007